Filed 1/27/21  Forde v. Craemer CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| STEPHEN FORDE, | B298185 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 18TRCV00113) |
| v. | |
| RAY CRAEMER et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael P. Vicencia, Judge.  Affirmed.

Henry J. Josefsberg for Plaintiff and Appellant.

Delman Vukmanovic, John Vukmanovic, and Dana Delman for Defendants and Respondents.

_____

# INTRODUCTION

In this action by Stephen Forde for quiet title and declaratory relief against, among others, Randy Taylor, Reyna Taylor, and Steve Hawrylack, Forde appeals from the trial court's order granting the Taylors and Hawrylack's special motion to strike under Code of Civil Procedure section 425.16.[1]  We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.    *Previous Related Actions*

This appeal is but the latest episode (for this court) in a long-running series of actions between the parties over several pieces of real property.  You can read the details of the background facts, claims, and procedure elsewhere.  (See, e.g., *Taylor v. Forde* (Jan. 20, 2021, B298957 [nonpub. opn.]; *Forde v. HSBC Bank USA, N.A. et al.* (Nov. 20, 2019, B291582) [nonpub. opn.]; *Taylor et al. v. Unruh* (Nov. 6, 2018, B280376) [nonpub. opn.].)  Here is what you need to know for this appeal:

The dispute began in early 2011, after Forde acquired part interest in four residential rental properties—"Maple 1," "Maple 2," "Verdugo," and the "Jackson duplex"—co-owned and managed by the Taylors and Hawrylack.  In April 2011 Forde sued the Taylors and Hawrylack (*Forde v. Hawrylack et al.* (Super. Ct. Los Angeles County, 2011, No. YC064625)) (the 2011 action) for allegedly mismanaging the properties.  The parties settled that case in September 2012.  The settlement agreement provided Forde would manage the properties.

---

[1]    Statutory references are to the Code of Civil Procedure.

In October 2015 the Taylors and Hawrylack sued Forde for partition of Maple 1 and Maple 2, breach of contract, an accounting, waste, and conversion. (*Taylor et al. v. Forde* (Super. Ct. Los Angeles County, 2015, No. BC597720).) In that case, which the parties refer to as the "partition action," the Taylors and Hawrylack alleged that Forde, while managing those properties under the September 2012 settlement agreement, pocketed rental income, did not make payments on the purchase loans, and did not properly maintain the properties. The Taylors and Hawrylack sought to have the properties sold and to recover from Forde that portion of the rents they claimed he had improperly retained. Early in the case the trial court granted a motion by the Taylors and Hawrylack to appoint a receiver, Kevin Singer, to manage Maple 2. And in May 2018 the trial court entered an interlocutory judgment of partition, appointing Singer referee with full authority to manage Maple 1 and Maple 2 and with orders and power to sell them. Forde appealed the interlocutory judgment. (*Taylor et al. v. Forde et al.*, B291580.)

After extensive additional proceedings in the trial court, however, Forde failed to maintain a stay of enforcement of the interlocutory judgment of partition pending the appeal. On October 30, 2018, after a hearing on a request by the receiver, the trial court ordered Forde, who had posted a $500,000 bond to obtain the stay then in place, to post a supplemental bond of $180,000 to cover "additional waste relating to . . . brokerage commissions with regards to listing the properties." The deadline for posting the supplemental bond, November 5, 2018, came and went, and Forde did not post the bond. On November 7, 2018 the

3

trial court lifted the stay on the sale of the properties, and the receiver proceeded to sell them.

You may wonder, then, what happened to Forde's appeal from the interlocutory judgment of partition after the receiver sold Maple 1 and Maple 2. In December 2019, after denying several petitions by Forde for writ of supersedeas, we granted a motion by the Taylors and Hawrylack to dismiss Forde's appeal as moot.

B.   *Forde Files This Action*

On November 19, 2018—less than two weeks after the trial court vacated the stay in the partition action because Forde had failed to post the $180,000 supplemental bond—Forde filed this action against the Taylors, Hawrylack, Singer, and the intended buyers of Maple 1 and Maple 2.[2] After a lengthy recitation of the (alleged) history of the litigation between Forde and the Taylors and Hawrylack, Forde alleged two causes of action against all defendants, the first for declaratory relief, the second for quiet title.

The allegations in Forde's cause of action for declaratory relief described his attempt to obtain a stay in the partition action after his appeal from the interlocutory judgment. The section headings in the complaint for the allegations fairly summarized Forde's claims: "The court sets the bond at an excessive and improper amount"; "The trial court lowers the bond

---

[2]   Forde's complaint does not identify the remaining defendants—Ray Craemer, Julia Craemer, 628 W. Imperial LP, Hao Xu, and Jinyu Jia—as the intended buyers of the properties, but the parties on appeal agree that is who they were.

4

by 78% to $500,000"; "Plaintiff posts the $500,000"; "The Receiver and [the Taylors and Hawrylack] claim that the bond was posted late and therefore void." If you reviewed the complaint, however, you would notice that the last section heading in fact did not fairly summarize the allegations appearing under it. Those allegations focused, instead, on the receiver's request for the $180,000 supplemental bond that the trial court eventually ordered and that Forde failed to pay. Their crux: "At the October 30, 2018 hearing, the Receiver purported that the listing agreements he executed for the property provided for a commission to the brokers if they produced a 'ready, willing and able buyer' yet the sale did not close. The Receiver claimed that the brokers had such buyers and 'could be entitled to his full commission.' [¶] Such a claim is nonsense." Forde alleged that the brokers were "legally barred from claiming a commission" and that "the Receiver's representations of liability are false and were known to be false at the time he made them." The alleged "actual controversy" between the parties for which Forde sought declaratory relief was thus that Forde contended there was no liability for the broker commissions and that "the Receiver has represented that such liability exists." Forde asserted: "Plaintiff will . . . seek a judicial determination of the absence of such liability and the cancellation of the $180,000 bond requirement based on the apocryphal allegation of commission liability. No sale can then go forward and title to the property will be undisturbed."

The cause of action for quiet title was skeletal. Forde merely alleged that the defendants "claim an interest in Maple 1 or Maple 2 that is adverse to Plaintiff's interest or that a cloud exists upon Plaintiff's title," that any such claimed interest did

5

not exist, and that Forde sought to quiet title to the properties against any such claim of interest.

C. *The Trial Court Grants the Taylors and Hawrylack's Special Motion To Strike Under Section 425.16*

In March 2019 the Taylors and Hawrylack filed a special motion to strike Forde's complaint under section 425.16, along with a supporting declaration and a request for judicial notice of documents filed in the partition action, both in the trial court and in this court.[3] They argued Forde's causes of action arose from the defendants' exercise of their constitutional rights of petition and free speech, in particular statements and requests they made to the trial court in the partition action relating to obtaining the

---

[3] Although the trial court did not expressly rule on the request for judicial notice, it referred to matters set forth in the documents in arriving at its ruling. "Therefore, for purposes of this appeal, we will infer that the trial court granted the request." (*Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1088, fn. 10.)

While we are on the topic of judicial notice, Forde filed a motion to strike the respondents' appendix, which contains the documents of which the Taylors and Hawrylack requested judicial notice, and the portions of their appellate brief that rely on it, on the ground their request for judicial notice was procedurally defective. But because Forde did not raise that objection in the trial court, he forfeited it. (See *Aljabban v. Fontana Indoor Swap Meet, Inc.* (2020) 54 Cal.App.5th 482, 512 [""An appellate court will ordinarily not consider procedural defects or erroneous rulings . . . where an objection could have been but was not presented to the lower court by some appropriate method.""].) We therefore deny Forde's motion to strike. We also deny the Taylors and Hawrylack's motion for judicial notice (of these same documents) as unnecessary.

6

interlocutory judgment and proceeding with the sale of Maple 1 and Maple 2.  The Taylors and Hawrylack argued Forde could not establish a reasonable probability of prevailing because, among other reasons, his action was an impermissible collateral attack on the trial court's orders in the partition action and his causes of action were "subject to the defense of 'plea in abatement.'"

Forde opposed the motion, arguing—among other, often contradictory, things—that the action was "about information discovered after the Interlocutory Judgment referenced by [the Taylors and Hawrylack] and the damages caused to [Forde] by this subsequently discovered information as relates to [Forde's] ownership interests and ownership share of" Maples 1 and 2 and that the partition action "is merely background for the allegations in this matter."  He assured the trial court he did "not seek to infringe on protected activity or claims, but instead . . . to hold Defendants accountable for inaccurate statements to the Court and damages caused to [him]."

The trial court granted the special motion to strike Forde's complaint.  Citing Forde's statement in his opposition to the motion that he intended by this action to hold the defendants accountable for inaccurate statements made to the court, the trial court stated:  "[T]hat right there to me is an admission that this is a complaint that seeks to hold the defendants, quote, 'accountable,' close quote, for otherwise protected activity.  [Forde] utterly fails in his burden since this is protected activity and the burden has shifted to him.  This so-called activity that [he] seek[s] to charge the moving parties with is not only

7

protected activity, but privileged activity." Forde timely appealed.[4]

## DISCUSSION

A.    *Applicable Law and Standard of Review*

Section 425.16, subdivision (b)(1), provides that a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Courts evaluate special motions to strike under section 425.16 "through a two-step process. Initially, the moving defendant bears the burden of establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged. [Citations.] If the defendant carries its burden, the plaintiff must then demonstrate its claims have at least 'minimal merit.'" (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*); see *Zhang v. Jenevein* (2019) 31 Cal.App.5th 585, 592.) "'We review de novo the grant or denial of'" a special motion to strike under section 425.16. (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940; see *Park*, at p. 1067.)

---

[4]    When granting their special motion to strike, the trial court ordered the Taylors and Hawrylack "to proceed by separate motion for attorney fees." They did, and the court granted the motion. Forde did not appeal that ruling.

8

B.   *The Trial Court Did Not Err in Granting the Special Motion To Strike*

Forde concedes the trial court did not err in granting the special motion to strike his cause of action for declaratory relief, which rests squarely on allegations the receiver made false statements to the court in the partition action. (See § 425.16, subd. (e)(1)-(2) [protected activity includes any statement "made before a . . . judicial proceeding" or "made in connection with an issue under consideration or review by a . . . judicial body"].) Forde contends the trial court did err, however, in granting the motion to strike his cause of action for quiet title. This contention has no merit.

In the first step of the analysis, Forde argues his quiet title cause of action arose, not from any statements the defendants made in connection with the partition action or from any other protected activity, but from the Taylors' and Hawrylack's refusal to comply with the September 2012 settlement agreement in the 2011 action. Specifically, Forde argues: "[T]he Settlement Agreement required [the Taylors and Hawrylack] to provide documentation for an accounting, after which ownership issues would be affected if the parties failed to honor their financial obligations. The evidence shows that [the Taylors and Hawrylack] failed to provide meaningful documentation, which should be resolved in the quiet title action."

"A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park*, *supra*, 2 Cal.5th at p. 1062.) "'When relief is sought based on allegations of both protected and unprotected activity, the unprotected activity is disregarded at [the first] stage. If the court determines that relief is sought based on allegations arising from activity

9

protected by the statute, the second step is reached.' [Citation.] However, 'if the allegations of protected activity are only incidental to a cause of action based essentially on nonprotected activity, the mere mention of the protected activity does not subject the cause of action to an anti-SLAPP motion.'" (*Jackson v. Mayweather* (2017) 10 Cal.App.5th 1240, 1251; see *Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 (*Baral*).)

"The purpose of a quiet title action 'is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he [or she] may be entitled to.'" (*Deutsche Bank National Trust Co. v. Pyle* (2017) 13 Cal.App.5th 513, 524.) As stated, Forde's cause of action for quiet title does not allege with any level of specificity what conflicting claims he and the defendants have to Maples 1 and 2 or why those claims should be resolved in his favor. But other allegations in his complaint, as well as the declaration in support of the motion to strike,[5] make clear that at least some adverse claims to the properties by the defendants rest on the court-ordered partition sale, the completion of which Forde alleges the receiver made possible by lying to the court about the need for a supplemental bond. Forde's cause of action for quiet title thus relies on allegations the receiver lied to the court in the partition action—i.e., on protected activity.

---

[5] "In determining whether a defendant sustained its initial burden of proof, the court relies on the pleadings and declarations or affidavits." (*Brill Media Co., LLC v. TCW Group, Inc.* (2005) 132 Cal.App.4th 324, 329, disapproved on another ground in *Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 25, fn. 3.)

Significantly, the Taylors and Hawrylack moved to strike Forde's entire cause of action for quiet title on this ground, and the trial court granted the motion. In his opposition to the motion, Forde did not argue the trial court should consider striking only allegations of protected activity. Nor on appeal has Forde argued the trial court erred by striking the cause of action in its entirety, rather than striking only allegations of protected activity. (Cf. *Newport Harbor Offices & Marina, LLC v. Morris Cerullo World Evangelism* (2018) 23 Cal.App.5th 28, 48, 51 [*Baral*, *supra*, 1 Cal.5th 376 requires the court "to strike just the allegations of protected activity" and not the "entirety of" causes of action alleging both protected and unprotected activity].) In fact, emphasizing that "no protected activities" underlie his quiet title cause of action and that "no severance is needed here," Forde insists this is not a case where striking only part of the cause of action would be appropriate. He therefore has forfeited any argument the trial court erred by striking the cause of action in its entirety, rather than striking only allegations of protected activity. (See *Swain v. LaserAway Medical Group, Inc.* (2020) 57 Cal.App.5th 59, 72 [""Even when our review on appeal 'is de novo, it is limited to issues which have been adequately raised and supported in [the appellant's opening] brief. [Citations.] Issues not raised in an appellant's brief are [forfeited] or abandoned.""]; *Sander v. Superior Court* (2018) 26 Cal.App.5th 651, 670 ["It is axiomatic that arguments not raised in the trial court are forfeited on appeal.'"].) Thus, the trial court did not err in ruling the Taylors and Hawrylack met their burden on the first step of the analysis under section 425.16 for Forde's cause of action for quiet title.

11

"As to the second step, a plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.'" (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788; accord, *Yang v. Tenet Healthcare Inc.* (2020) 48 Cal.App.5th 939, 949.) As Forde frames his cause of action for quiet title on appeal, it relies on evidence that shows the Taylors and Hawrylack "failed to provide meaningful documentation" of an accounting required by the settlement agreement in the 2011 action. Forde did not present any such evidence in his opposition to the special motion to strike, and he cites none now, relying instead only on the allegations in his verified complaint. This is insufficient to carry his burden on the second step and, thus, to demonstrate any error by the trial court in granting the special motion to strike.

## DISPOSITION

The order granting the special motion to strike is affirmed. The request by the Taylors and Hawrylack for sanctions for taking a frivolous appeal is denied, but they are to recover their costs on appeal.

SEGAL, J.

We concur:

PERLUSS, P. J.          FEUER, J.

12